

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

61 14

GERALD C. MANN
ATTORNEY GENERAL

Hon. Stanley Timmins
County Attorney
Harrison County
Marshall, Texas

Dear Sir:

> Opinion No. O-1647
> Re: Is the commissioners' court author-
> ized to make improvements of a ware-
> house owned by the county and used
> by the road and bridge department
> of the county, and pay for such im-
> provements out of the permanent
> improvement funds of the county?

Your request for an opinion on the above stated question has been received by this Department.

We quote from your letter and brief in part as follows:

"The building in question is used ex-
clusively by the county and is under the
direct supervision of the county engineer,
used by authority of the commissioners'
court under the authority of the Harrison
County Road and Bridge Law.

"The building is used for storage,
supplies, engineer's office, bookkeeping
office for the County Highway Department,
for repairs on machinery belonging to the
county and for storage of all trucks, trac-
tors and other road building equipment belong-
ing to the county.

"The purchase of the real estate and
warehouse used in the Road & Bridge Depart-
ment was paid out of and from the Road &
Bridge Funds and is carried in the cost ac-
counting system monthly statements and balance
sheets and annual reports of the Road & Bridge

Hon. Stanley Timmins, Page 2

as capital outlay.

"The tax rate set by the Commissioners'
Court for the Road & Bridge Fund is and has
been for many years at its constitutional
limit of 30¢ on the $100.00 valuation of taxa-
ble property.

"The tax rate in the Permanent Improve-
ment Fund set by the Commissioners' Court
for the past several years has been some
nominal rate to take care of the additions
and repairs to the County Courthouse and
County Jail which purpose and anticipation
has been incorporated and reflected by the
budgets of Harrison County showing the purposes
for the fixing and levying of this nominal
rate in the Permanent Improvement Fund.

"The tax rate so fixed and levied for
the year 1939 and the tax rates for prior
years were fixed and levied by the Commis-
sioners' Court for the purpose and anticipa-
tion only of additions and repairs to the
County Courthouse and the County Jail and
for no other purpose and there does not exist
at this time any surplus or balance in the
Permanent Improvement Fund over and above
the amounts to be used in anticipation of the
above mentioned additions and repairs to the
County Courthouse and County Jail.

"It further appears that there is now
in the permanent improvement fund of this
county, $3,800 with no outstanding debts
or claims.

"At the time of writing, the court wishes
to make some repairs to the building entailing
an expenditure of about $2,000 they consider-
ing same a valuable improvement and necessary
to the best interest of the County that same
be done. Therefore, the question as to paying
for same out of the Permanent improvement
Funds of Harrison County, Texas."

Hon. Stanley Timmins, Page 3

Section 9 of Article 8 of the Texas Constitution reads as follows:

"The State tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed thirty-five cents on the one hundred dollars valuation; and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment September 25th, 1883; and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property tax-paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws."

Article 2351, Vernon's Civil Statutes, setting forth the powers and duties of the commissioners' court, reads in part as follows:

"......
"7. Provide and keep in repair court houses, jails and all necessary public buildings...."

Hon. Stanley Timmins, Page 4

Article 2352, Vernon's Civil Statutes, referring to the commissioners' court, reads as follows:

"Said court shall have the power to levy and collect a tax for county purposes, not to exceed twenty-five cents on the one hundred dollars valuation, and a tax not to exceed fifteen cents on the one hundred dollars valuation to supplement the jury fund of the county, and not to exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment of the Constitution, September 25, A. D. 1883, and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as in the Constitution otherwise provided. They may levy an additional tax for road purposes not to exceed fifteen cents on the one hundred dollar valuation of the property subject to taxation, under the limitations and in the manner provided for in Article 8, Sec. 9, of the Constitution and in pursuance of the laws relating thereto."

We quote from Texas Jurisprudence, Vol. 34, page 2, as follows:

"'Public buildings' is a term ordinarily used to designate such structures as the capitol in the capitol grounds at Austin, including the executive mansion, the various state asylums, college or university buildings erected by the State, courthouses and jails and other buildings held for public use by any department or branch of government, state, county or municipal." See Art. 860 of the Penal Code, defining the term "public building".

We further quote from Texas Jurisprudence, Vol. 34, page 8, as follows:

"The terms 'public building' and 'public grounds,' within the meaning of these penal

Hon. Stanley Timmins, Page 5

statutes have already been defined (|2). But, according to the statute, 'The specific enumeration....shall not exclude other buildings not named, properly coming within the meaning and description of a public building.' The buildings named - as, for example, county jails - are in terms designated 'public buildings'. And any other building would seem to come within this definition provided it is properly shown that it is owned or controlled and held by public authorities for public use...." See the case of Thurston vs. State, 125 S. W. 31.

The above quoted provisions of the Constitution and statutes authorize the commissioners' court to build and repair public buildings and the term "public building" is broad enough to include a warehouse owned and used exclusively by the county for the purposes above mentioned. Therefore, you are respectfully advised that it is our opinion that the commissioners' court is authorized to repair said warehouse and pay for such improvements out of the permanent improvement funds of the county.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED NOV 17, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY *BWB* CHAIRMAN